CLERK... COURT
...Harrisburg
JUL 18 2006
...DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:05CR00049 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| FADHIL HUSSAIN NOROLY, | ) | |
| a/k/a "Fazhil Noroly," | ) | |
| | ) | By:  B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant in Count One with knowingly and unlawfully conducting, controlling, managing, supervising, directing, and owning all and part of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960(a); in Count Two with theft of public money, in violation of Title 18, United States Code, Section 641; and in Count Three with having committed the felony offenses alleged in Counts One and Two of the Indictment, punishable by imprisonment for more than one year, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 982, any and all interest: (a) in any property real or personal, involved in such offense, or any property traceable to such property; (b) in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation; without regard to the type of interest held, wherever located and in whatever name held, and the property to be forfeited to the United States includes but is not limited to a money judgment of not less than $15,916, in that such sum in aggregate was obtained directly or indirectly as a result of the aforestated offenses.

On July 11, 2006, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One and agreed to forfeiture as set forth in paragraph two of Count Three of the Indictment pursuant to a plea agreement between defendant and the government.

At this hearing the defendant was placed under oath and testified that his full legal name is Fadhil Hussain Noroly, that he was born in Iraq on December 5, 1965. Defendant further testified that he completed high school in Iraq and has not received any formal education in the United States. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. Defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to this offense.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the terms of the agreement and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Count One, including any facts related to sentencing.

2

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises other than those contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offense with which he is charged in Count One is a felony and that, if his plea is accepted, he will be adjudged guilty of that offense. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100 per felony count. The defendant acknowledged that he consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or contraband seized by any law enforcement agency from his possession or from his direct or indirect control. The defendant further acknowledged that he consented to forfeit any right, title and interest he has in assets purchased with proceeds of his illegal activity, directly or indirectly. Defendant testified that these forfeitures of property are proportionate to the degree and nature of the offense he committed and do not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

The defendant was informed that the maximum possible penalty provided by law for the

offense with which he is charged is, in the case of Count One, is five years imprisonment and a $250,000 fine, together with supervised release. The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged is, in the case of Count Two is ten years imprisonment and a fine of $250,000, together with supervised release.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty. The defendant further stated that he understood that the government would recommend that he be sentenced at the low end of the guideline range. Defendant testified that he understood that the government has agreed not to recommend that he be given a sentence of incarceration, and at most, the government would recommend a period of home detention or probation.

4

The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a three-level (3) reduction in recognition of his early decision to plead, assuming that at the time of sentencing he meets the requirements of USSG § 3E1.1. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.[1]

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had

---

[1] Defendant would not possess these rights which appertain only to citizens.

5

been effective. The defendant testified that he understood the possible consequences of his plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to Count One and agreed to forfeiture as set forth in paragraph two of Count Three of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged is as follows:

Had this case proceeded to trial the government would have proved by competent and admissible evidence, beyond a reasonable doubt, that defendant committed acts that constitute a violation of Title 18, United States Code, Section 1960(a), operating an unlicenced money transmitting business. Specifically, a portion of the government's evidence would have proved that from October 23, 2001, until March 22, 2004[2], defendant transferred money from the Western District of Virginia to the country of Turkey, among other locations. Defendant charged his customers a fee to transfer this money. His customers gave him the money both in cash and check form. He deposited his customers' money into several bank accounts in the Harrisonburg, Virginia, area, which is in the Western District of Virginia, as well as into banks in other areas, including Atlanta, Georgia. Defendant then caused the money to be wire transferred to banks in various Middle Eastern and European nations. Unindicted conspirators in these other countries then provided the money to people as instructed by defendant. The

---

[2]Defendant accepted the government's proffer of facts which provided that the date was March 22, *2004*. However, defendant expressed a desire to address the validity of this date at sentencing.

6

amount thus transferred was 305,618 dollars, which makes the appropriate forfeiture amount 6112 dollars. The government would have proved that defendant was not licenced by either the Commonwealth of Virginia or by the United States government to undertake this business. It would also have been shown that operating a money transmitting business is punishable as a misdemeanor under state law. It would have been shown that defendant's unlicenced money transmitting business affected interstate and foreign commerce. In March 2003 and August 2004, defendant spoke to FBI Agents about this case and admitted the above facts.

Lastly, the government would have proved beyond a reasonable doubt that defendant had no applicable defense to this charge.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count One and agreed to forfeiture as set forth in paragraph two of Count Three of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

7

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One and agreed to forfeiture as set forth in paragraph two of Count Three of the Indictment. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for September 26, 2006 at 9:00 a.m. before the presiding District Judge in Harrisonburg.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

7/18/06
Date

8

Case 5:05-cr-00049-GEC-BWC   Document 44   Filed 07/18/06   Page 8 of 8   Pageid#: 73